# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **1312-1314 ANTONINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-10695** |
| **CITY OF NEW ORLEANS** | **SECTION: T** |

## ORDER

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7)[1] filed by the City of New Orleans ("Defendant"). 1312-1314 Antonine, LLC ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a challenge to zoning changes related to the property owned by Plaintiff at 1312-1314 Antonine Street, New Orleans, Louisiana (the "Property").[3] When Plaintiff acquired the Property, it was zoned as MS Medical Service District.[4] In August of 2015, a new Comprehensive Zoning Ordinance (the "2015 CZO") became effective and changed the zoning of the Property from MS Medical District to HU-RD2 Historic Urban Two-Family Residential District.[5]

Plaintiff alleges that it was not given due process notice of the zoning change, and only became aware of the zoning change when applying for a permit to use the property in a manner consistent with the MS Medical Service District zoning.[6] Plaintiff contends it is entitled to have

---

[1] R. Doc. 6.
[2] R. Doc. 11.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶7.
[5] R. Doc. 1, ¶9.
[6] R. Doc. 1, ¶11.

the Property revert to the MS Medical Service District as well as a refund of all taxes, interest, and penalties paid based on the value of the Property with MS Medical Service District zoning.[7]

Defendant has filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7) contending that the Court lacks subject matter jurisdiction, the complaint fails to state a claim, and the Plaintiff failed to join a necessary or indispensable party.[8] Defendant asserts that the Tax Injunction Act, 28 U.S.C. § 1341, provides a complete defense to all of Plaintiff's tax claims on jurisdictional grounds. Defendant also claims that Plaintiff has failed to state a claim upon which relief can be granted because any § 1983 due process claim has prescribed.[9] Finally, Defendant claims that Plaintiff failed to join the Assessor for the Parish of Orleans who is a necessary party to a suit concerning challenges to property tax assessment.

## LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[10] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[11] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[12] The court should determine whether subject-matter jurisdiction is present before addressing any other

---

[7] R. Doc. 1, ¶¶16-17.
[8] R. Doc. 6.
[9] R. Doc. 8-1.
[10] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[11] *See* Fed. R. Civ. P. 12(b)(1).
[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quotation omitted*).

issues.[13] The plaintiff bears the burden of proof for a Rule 12(b)(1) motion.[14] Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[15]

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[16] The Fifth Circuit has held that "[s]ection 1341 reflects 'the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation.'"[17] "Embodied within the statute is the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax."[18] "In short, 'the Tax Injunction Act is a broad jurisdictional impediment to federal court interference with the administration of state tax systems.'"[19]

In this case, Plaintiff's complaint specifically seeks a "refund of all taxes, interest and, penalties" charged based on the value of the Property.[20] To the extent Plaintiff seeks to enjoin, suspend or restrain the assessment, levy or collection of any tax under Louisiana law, the Tax Injunction Act precludes this Court from exercising jurisdiction over this matter. Because the Court does not have subject matter jurisdiction over Plaintiff's tax claims, the Court will not reach

---

[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[14] *Ramming*, 281 F.3d at 161.
[15] *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.
[16] 28 U.S.C. § 1341.
[17] *Washington v. New Orleans City*, 424 F. App'x 307, 309-10 (5th Cir. 2011) (*quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)).
[18] *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010.
[19] *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011) (*quoting Home Builders Ass'n*, 143 F.3d at 1010).
[20] R. Doc. 1, ¶17.

the merits on Defendant's contention that Plaintiff failed to join a necessary party related to the tax claims.

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[21] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[22] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[24] and the documents attached to the complaint.[25] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[26] which includes matters of public record.[27]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[28] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[29] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[30] If factual

---

[21] Fed. R. Civ. P. 12(b)(6).
[22] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[24] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[25] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[26] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).
[27] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[28] *Iqbal*, 556 U.S. at 678.
[29] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[30] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[31]

42 U.S.C. § 1983 does not provide its own statute of limitations. Accordingly, federal courts look to the most analogous statute of limitations in the forum state to determine whether the plaintiff's suit is timely.[32] The Fifth Circuit has held that Louisiana's one-year prescriptive period governs cases under 42 U.S.C. § 1983.[33] The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[34]

Defendant argues that Plaintiff's § 1983 claim has prescribed because it was filed more than a year after Plaintiff became aware of the 2015 CZO change in zoning on the Property.[35] Plaintiff's complaint alleges it became aware of the 2015 CZO change in zoning when it applied for a permit to use the property in a manner allowed under the prior zoning but was denied.[36] Defendant cites a public City Planning Commission hearing where Plaintiff's manager indicated that he first learned of the change in 2017.[37] Plaintiff does not dispute that it became aware of the change in 2017, but instead argues that a ten-year prescription period or a five-year prescription period should apply.[38] The zoning change occurred in 2015 and Plaintiff discovered the change in

---

[31] *Twombly*, 550 U.S. at 555.
[32] *Bennett v. City of Slidell*, 697 F.2d 657 (5th Cir.1983), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).
[33] *Id.*; *Jones v. Orleans Parish School Board,* 688 F.2d 342 (5th Cir.1982), *cert. denied*, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).
[34] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).
[35] R. Doc. 6-1, pp.8-9.
[36] R. Doc. 1, ¶11.
[37] R. Doc. 6-1, *citing* June 26, 2018 City Planning Commission meeting at time mark 2:46:07 http://cityofno.granicus.com/ViewPublisher.php?view_id=2.
[38] R. Doc. 8, p.12.

2017. However, Plaintiff failed to file the complaint until May of 2019. Therefore, the Court finds that Plaintiff's § 1983 claims have prescribed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED.**

**New Orleans, Louisiana**, on this  30th   day of January, 2020.

**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**